COMBINATION TRUST Co. and others *v.* WEED and others.*

*(Circuit Court, E. D. Pennsylvania. April 6, 1880.)*

CORPORATION—CONTRACT WITH PRESIDENT—FIDUCIARY RELATION—IN-JUNCTION.—The president of a corporation occupies a position of trust, and may be called upon by bill in equity to account for and make resti-tution of any part of the property confided to his care which he has improperly applied to his own use. While a contract by which a corpo-ration delivers to its president, with power of sale, unissued stock, as security for a loan from him, will be looked upon with suspicion, it will be enforced when shown to have been made for the benefit of the corpo-ration, and to be just.

PLEDGE OF UNISSUED STOCK.—A corporation may pledge, as security for a loan, unissued stock held by it in trust for the advancement of its best interests.

Motion to dissolve injunction.

This was a bill in equity filed in a state court by the corpo-ration plaintiff against its president, to restrain him from sell-ing certain stock which had been transferred to him by the corporation, and held by him under a written agreement as collateral security for the repayment of a loan of $10,000, made by him to the corporation, with power of sale in case of default in repayment of the loan. The bill alleged that most of this stock was unissued stock held by the corporation in trust for the advancement of its best interests; that instead of pay-ing to the corporation $10,000 defendant had deducted from

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

that amount over $2,000 as commissions and for other demands, and had made various other gains and profits from the transaction, and that, as president, he occupied such a fiduciary relation to the corporation that he was bound to account for the sums so retained before proceeding to sell the collateral. A five days' injunction was granted by the state court, which was afterwards continued until further order. The cause was afterwards removed to the United States circuit court, where respondent filed an answer alleging that he did not make the loan, but that at the request of the corporation he procured it from one Adams, by agreeing to give to Adams his individual indorsement upon the corporation notes, and that the loan was made in his own name, in order that he might indorse to Adams the notes given therefor; that with the consent of the corporation he had retained $1,000 for commissions, and $1,000 for a debt due him from the corporation, and that the corporation had received and spent the remaining $8,000. The motion was argued upon bill, answer and affidavits.

*Angelo T. Freedley* and *William Henry Rawle,* for complainants.

*Thomas Hart, Jr.,* and *James E. Gowen,* for respondents.

BUTLER, D. J. The bill, we think, presents a case within the equitable cognizance of the court. The defendant Weed, as president of the corporation plaintiff, occupies a position of trust and confidence, and is liable to be called upon to account for and make restitution of any part of the property confided to his management and care which he has improperly applied to his own use. *Jackson* v. *Ludenling,* 21 Wall. 616; *Oil Co.* v. *Manbery,* 1 Otto, 587; *Kochler* v. *Iron Co.* 2 Black, 721; *Drury* v. *Cross,* 2 Wall. 299; *Luxemburg R. Co.* v. *Maquay,* 25 Beav. 586; *Cumberland Coal Co.* v. *Sherman,* 30 Barb. 553; *Dodge* v. *Wolsey,* 18 How. 331; *Hill* v. *Frazer,* 10 Har. 324; *Ashurst's Appeal,* 10 P. F. Smith, 314; Angel & Ames on Corp. § 312, (p. 329 of 10th Ed.) In addition to this a part of the property in controversy passed into his hands upon an express trust set out in the transfer under which he received it; and a trust is acknowledged, as respects.

all the property, in the third paragraph of the defendants' agreement, marked "Exhibit B," accompanying the bill.

We do not, however, see anything to justify restraining the defendant to the extent asked for. The propriety of the contract entered into between him and the corporation is not questioned. While such contracts are looked upon with suspicion and disfavor by the court, they may be enforced when shown to have been made for the benefit of the corporation and to be just. *Oil Co.* v. *Manbery*, 1 Otto, 587. The only complaint here is that Mr. Weed, on receiving the securities, "instead of paying the sum of $10,000 to the corporation, deducted therefrom certain sums, amounting to upwards of $2,000, under various pretences and allegations that he was entitled to commissions thereon, and other demands, whereby the corporation plaintiff did not receive the sum of $10,000, but only received a sum much less in amount; and these sums the said Weed has since declined to pay or account therefor, and the complainants are informed and believe, and so aver, that the defendant has made various other gains and profits from the said transaction, the amount whereof is unknown to the complainants."

Whatever balance may be due the defendant, on account of the loan, the plaintiffs aver their willingness to pay. It appears, from the affidavits and exhibits, that the defendant retained $1,000 as commission for negotiating the loan, and $1,000 further in payment, as he says and as the corporation books show, of previous indebtedness to him. There is nothing before us, at this time, to justify a belief that he retained any more, or that he derived any other benefit from the transaction; nor does it appear that he has received anything on the stock or bonds as dividends or interest. As the case stands, therefore, the defendant Weed appears to have a just and virtually undisputed claim against the corporation to the extent of $8,000, with the interest due thereon.

The statement in T. H. Green's affidavit that the defendant "took an additional $225," has not been overlooked, but the circumstances—that the abstract from the books, which this witness says "is an accurate statement relative to said

loan," does not sustain his allegation respecting this sum; that it is not sustained by any entry in the books, so far as appears, while it was the duty of this witness to make an entry, if his statement is correct; that the witness is unsupported by any other evidence, and is contradicted by the defendant; that he fell into a very singular error in giving us the "statement relative to said loan" from the books—forbid a reliance upon this witness' testimony respecting this sum. Nor have we overlooked the statement of Mr. Wheeler respecting "other profits" said to be realized by the defendant Weed. But this statement is contradicted by the defendant, and of itself is too shadowy and uncertain to be of value on this hearing.

Why, therefore, should not the defendant be allowed to proceed on his contract to obtain satisfaction of the amount thus appearing to be due? While it is unpaid the plaintiffs have no equity that would justify the court in restraining the defendant from proceeding to this extent. We can only interfere so far as is necessary to protect the plaintiffs against danger of loss from the alleged misapplication of the $2,000 referred to.

The "unissued stock" was, as the bill states, left with the company to be applied to the "advancement of its best interests." The directors were thus made the judges of how it could most advantageously be used for this purpose. That they applied it to raising money for the company is not a subject of complaint. We have treated Mr. Weed as the holder of the securities, as, for the purposes of this hearing, at least, seemed necessary.

An order will be drawn modifying the decree in accordance with this opinion.

Afterwards the court entered the following decree:

"And now, April 8, 1880, a motion to continue the injunction heretofore granted by the court of common pleas, No. 3, of the city and county of Philadelphia, having been argued on affidavit filed by the plaintiff, and on the answer of the defendant Weed, it is ordered that unless the said plaintiffs, or either fo them, shall pay into court before Tuesday, April

13, 1880, the sum of $8,000, with interest thereon from the tenth day of October, 1878, the said injunction shall be restricted so as to apply. only to such securitities as shall remain unsold after enough have been sold to pay the sum of $8,000 and interest as aforesaid, allowing the defendant to proceed and sell to the extent necessary to raise that amount, and that the injunction be continued as respects the remainder of said securities until further order; but if the said plaintiffs, or either of them, shall pay the said amount into court before the said thirteenth day of April, 1880, then the said injunction shall continue until the further order of court. And it is further ordered that if the said amount shall be paid into court it shall be to the solicitor of the defendant Weed, on his filing with the clerk a receipt therefor, signed by Samuel Adams, in the said answer mentioned, and depositing with the clerk the securities in the answer mentioned as having been given with the note of the Combination Trust Company for $10,000, described or mentioned in the bill and answer."